**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2322-18T2

DECUS, INC.,

     Plaintiff-Appellant,

v.

GLOUCESTER DATA
CENTER, LLC,

     Defendant-Respondent.

_____

Submitted June 17, 2020 – Decided July 30, 2020

Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0542-17.

Freundlich & Littman LLC, attorneys for appellant (Austin Ross Freundlich, of counsel and on the brief).

Alissa Raines Schurr and Jennifer L. Zuch, of the New York Bar, admitted pro hac vice, attorneys for respondent (Alissa Raines Schurr and Jennifer L. Zuch, on the brief).

PER CURIAM

This appeal arises out of a contractual dispute. Plaintiff Decus, Inc. filed an action to enforce a construction lien seeking to recover more than $128,000 from defendant Gloucester Data Center, LLC. Plaintiff appeals from orders denying its motion to enter judgment on an arbitration award under Rule 4:21A-1, vacating that award, denying plaintiff summary judgment, and compelling the parties to arbitrate in accordance with their contract. We affirm.

I.

In December 2015, plaintiff and defendant entered into a contract under which plaintiff agreed to act as defendant's representative during the pre-construction phase of a project to build a solar farm (the Contract).[1] The Contract states that plaintiff would be paid a lump sum of $72,920 plus additional fees and costs as authorized by written and signed change orders. The Contract also contained an arbitration provision that states:

> ARBITRATION. Unless the parties mutually agree otherwise in writing, all claims, disputes and matters in question arising out of, or relating to, this Agreement shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the AAA then in effect. This agreement to arbitrate shall be specifically enforced under the prevailing arbitration law. An award entered in an arbitration proceeding shall be final, and judgment may be entered upon it in

---

[1] The Contract does not define the "Project" but both parties state that the project involved pre-construction for a solar farm.

accordance with the applicable law in any court having jurisdiction.

Plaintiff asserts it performed all the lump sum work under the Contract and additional work. Accordingly, plaintiff seeks to recover from defendant $128,137, consisting of the lump sum of $72,920, plus $76,650 in additional fees and costs, less $21,433 paid by defendant. Defendant disputes those claims, contending that plaintiff never completed the work entitling it to the full lump sum and there were no additional fees and costs authorized by signed change orders.

In November 2016, plaintiff filed a construction lien for $128,137. Defendant asserts that the lien was filed on land it does not own.

In February 2017, plaintiff filed a complaint in the Law Division seeking to enforce its lien. Defendant responded with an answer disputing plaintiff's claim. Thereafter, the parties filed cross-motions for summary judgment. While those motions were pending, the parties were directed to arbitrate under Rule 4:21A-1 (the Court Arbitration). The Court Arbitration was scheduled to take place on Monday, June 4, 2018. The Friday before that date, plaintiff's then counsel filed a motion to withdraw and sent a letter to the court administrator requesting to adjourn the Court Arbitration. Defense counsel called plaintiff's counsel and left a voicemail requesting that he let her know if he was still going

to appear at the Court Arbitration. Plaintiff's counsel did not respond, but did appear at the Court Arbitration. Defendant's counsel did not appear. The Court Arbitration proceeded without defendant or its counsel and an award of $128,137 was granted.

Shortly thereafter, defendant's answer was stricken. Defendant and its counsel claimed that they did not learn of the Court Arbitration award until plaintiff moved to enter judgment based on that award. Defendant opposed that motion and cross-moved to vacate the Court Arbitration and compel arbitration under the Contract.

On December 21, 2018, the trial court heard oral arguments on those motions, as well as the cross-motions for summary judgment. The court then made its rulings on the record and entered three orders: (1) denying the motions for summary judgment; (2) denying plaintiff's motion to enter a judgment on the Court Arbitration award and vacating that award; and (3) compelling the parties to arbitrate their dispute in accordance with the arbitration provision in the Contract.

In making those rulings, the trial court found that there was good cause for defense counsel's failure to appear at the Court Arbitration and defendant

A-2322-18T2

had a meritorious defense because the lien was defective. The court also found that the arbitration provision in the Contract was valid and enforceable.

## II.

On appeal, plaintiff argues that the trial court erred in finding good cause and vacating the Court Arbitration. We disagree. We discern no abuse of discretion by the trial court and affirm.

Rule 4:21A-1(a) mandates arbitration in certain civil cases. In contrast to an arbitration agreed to by the parties, arbitration under Rule 4:21A-1 is a court-ordered proceeding. Accordingly, all parties are required to participate, unless excused, and either party can file a timely notice of rejection of the arbitration award and the matter will then proceed to a trial de novo. R. 4:21A-6(b)(1), (c).

Missing a Rule 4:21A-1 arbitration has consequences. "An appearance on behalf of each party is required at the arbitration hearing." R. 4:21A-4(f). If a party fails to appear, that party's pleadings "shall be dismissed" or "stricken." Ibid. In addition, if an award is made, relief from the award can only be obtained by filing a timely motion "showing good cause." Ibid.

For a party defending against a claim for damages, such as defendant here, Rule 4:21A-4(f) states:

> If a party defending against a claim of damages does not appear, the party's pleading shall be stricken, the

arbitration shall proceed and the non-appearing party shall be deemed to have waived the right to demand a trial de novo. A party obtaining the arbitration award against the non-appearing party shall serve a copy of the arbitration award within [ten] days of the receipt of the arbitration award from the court pursuant to R. 4:21A-5. Service shall be upon counsel of record or, if not represented, upon such non-appearing party. Service shall be made as set forth in R. 4:21A-9(c). Relief from any order entered pursuant to this rule shall be granted only on motion showing good cause, which motion shall be filed within [twenty] days of the date of service of the non-appearing party by the appearing party. Relief shall be on such terms the court may deem appropriate, including litigation expenses and attorney's fees incurred for services directly related to the non-appearance.

A party seeking to vacate a civil arbitration award entered under Rule 4:21A-1 must show both "good cause" and a meritorious defense. SWH Funding Corp. v. Walden Printing Co., Inc., 399 N.J. Super. 1, 17 (App. Div. 2008). "Good cause" is difficult to define. Del. Valley Wholesale Florist v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002). "Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purpose of the Court Rule being applied." Ibid.

When the default arises out of counsel's failure to appear, the motion "should be viewed with great liberality and every reasonable grounds for indulgences [will be] tolerated to the end that a just result is reached." Ibid.

(quoting Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 99 (App. Div. 1998)). We have repeatedly recognized that "the sins of the attorney" should not be visited "upon [a] blameless client." Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 196 (App. Div. 1985). Consequently, "inadvertence of counsel may justly be deemed to constitute good cause when the delay does not prejudice the adverse party and a rational application under the circumstances present favors a determination that provides justice to the litigant." Burns v. Belafsky, 326 N.J. Super. 462, 471 (App. Div. 1999).

Here, the trial court found that defendant had a meritorious defense to the construction lien claim and, in that regard, the court noted several deficiencies in the lien including an overstated damage claim and the lack of a signature by plaintiff. The court also found that there was good cause to excuse defense counsel's failure to appear at the arbitration. In making that finding, the court noted that defense counsel could have been more diligent, but the court also found that plaintiff suffered no prejudice. We discern no abuse of discretion by the trial court in making those findings and note that they are consistent with the judicial goal of adjudicating matters on their merits.

On appeal, plaintiff has presented no arguments concerning the order denying its motion for summary judgment. Accordingly, we deem that argument

abandoned.  Pullen v. Galloway, 461 N.J. Super. 587, 595 (App. Div. 2019) (citing N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015)).  We also note that the trial court made express findings concerning material issues of disputed facts that would preclude the entry of summary judgment in favor of plaintiff.  R. 4:46-2(c); Friedman v. Martinez, ___ N.J. ___, ___ (2020) (slip op. at 13) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995)).

Finally, plaintiff has presented no arguments as to why the order compelling arbitration under the Contract should be reversed.  Consequently, we also deem this argument to have been abandoned.  Pullen, 461 N.J. Super. at 595.  We note, moreover, that the arbitration provision in the Contract was the product of mutual assent and made it clear that the parties were giving up the right to pursue claims in court and, instead, were agreeing to arbitrate those claims.  See Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 442 (2014).

In summary, we affirm the three orders entered by the trial court on December 21, 2018, which vacated the award in the Court Arbitration, denied summary judgment to plaintiff, and compelled the parties to arbitrate their dispute in accordance with the arbitration provision in the Contract.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2322-18T2